**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CAMPAIGN LEGAL CENTER,
1101 14th Street NW, Suite 400
Washington, DC 20005

*Plaintiff,*

v.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530

*Defendant.*

Case No. 26-cv-2948

## COMPLAINT

1. In January 2026, President Trump filed a lawsuit in his personal capacity, along with his sons and the Trump family business, against the Internal Revenue Service (IRS), seeking $10 billion in alleged damages stemming from disclosures in 2019 and 2020 of his tax returns by a former government contractor.[1]

2. The judge overseeing the suit raised concerns about whether there was genuine adversity between the parties, ordering the parties and three court-appointed *amici curiae* to file briefs addressing "whether a case and controversy exists in this matter so as to establish the Court's jurisdiction."[2]

3. Just days before the last of those briefs were due, President Trump dismissed the case.[3]

[1] Compl., *Trump v. IRS*, No. 1:26-cv-20609 (S.D. Fla. Jan. 29, 2026), ECF No. 1.
[2] *Trump v. IRS*, No. 1:26-cv-20609, 2026 WL 1145973, at *2 (S.D. Fla. Apr. 24, 2026).
[3] Pls.' Notice of Voluntary Dismissal, *Trump v. IRS*, No. 1:26-cv-20609 (S.D. Fla. May 18, 2026), ECF No. 52.

4. Later that day, the parties announced a settlement, which included the creation of a $1.776 billion "Anti-Weaponization Fund" to "hear and redress claims of others" who "suffered weaponization and lawfare."[4]

5. The settlement provided that the Fund would consist of five members appointed by the Attorney General, one of whom "shall be chosen in consultation with Congressional leadership," and that the members will be removable by the President without cause.[5]

6. The following day, then-Acting Attorney General Todd Blanche announced an immunity deal related to the settlement. The immunity deal shields President Trump, his family, his businesses, and all others deemed "related" or "affiliated" from civil or criminal liability—including for tax audits and investigations—related to any conduct before May 18, 2026.[6]

7. Campaign Legal Center submitted a FOIA request seeking records that would shed light on the operations and governance of this Fund.

8. The Fund has been the subject of dozens, if not hundreds, of news articles, public scrutiny, and bipartisan criticism.

9. It was also challenged in court, where a judge in the Eastern District of Virginia enjoined its creation and operation.[7]

10. Meanwhile, the court in *Trump v. IRS* reopened the case in response to a motion by thirty-five former federal judges, who moved to intervene and set aside the settlement agreement on the grounds that it represented a "fraud on the Court."[8]

---

[4] Press Release, Off. of Pub. Affs., U.S. Dep't of Just., Justice Department Announces Anti-Weaponization Fund (May 18, 2026), https://perma.cc/7CTV-62EN.
[5] Settlement Agreement, *Trump v. IRS*, No. 1:26-cv-20609 (S.D. Fla. May 18, 2026), *available at* https://perma.cc/7J3Y-EW59.
[6] Off. of Att'y Gen., U.S. Dep't of Just. (May 19, 2026), https://perma.cc/5BMQ-9MGD.
[7] *Floyd v. Dep't of Just.*, No. 26-cv-1399, 2026 WL 1719431 (E.D. Va. June 12, 2026).
[8] *Trump v. IRS*, No. 1:26-cv-20609, 2026 WL 1506030 (S.D. Fla. May 29, 2026).

11. In a 56-page opinion, the court concluded that, because President Trump "directs and controls the Defendants," there was no genuine case or controversy, and the case "was brought for an improper purpose—to gain the imprimatur of judicial legitimacy for a 'settlement' that had no viable basis in law or fact."[9]

12. Thus, the court imposed sanctions barring the parties from referring to the "purported 'settlement agreement,' or using, offering, admitting, or citing any of its provisions in any judicial, administrative, regulatory, arbitration, or any other official proceeding as evidence of a 'settlement' reached in this matter;" referred President Trump's personal attorney Alejandro Brito to the Florida Bar for possible disciplinary action; and barred Daniel Z. Epstein from *pro hac vice* admission to the Southern District of Florida for one year. The court also referred then-Acting Attorney General Todd Blanche to the New York Bar and Associate Attorney General Stanley Woodward to the District of Columbia Bar for possible disciplinary action.[10]

13. Pursuant to its inherent authority, the court further ordered that the parties pay the fees of court-appointed *amici*, permitted the thirty-five former federal judges to submit a fee petition, and directed the clerk of court to mail a copy of the order to the bars of Florida, New York, and the District of Columbia.[11]

14. Plaintiff Campaign Legal Center now brings this action against the U.S. Department of Justice (DOJ) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the release of records responsive to Campaign Legal Center's FOIA request.

---

[9] *Trump v. IRS*, No. 1:26-cv-20609, 2026 WL 2015525, at *17 (S.D. Fla. July 13, 2026).
[10] *Id.* at *21.
[11] *Id.* at *24-25.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

16. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

17. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and are now entitled to judicial action enjoining Defendant from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

18. Plaintiff Campaign Legal Center is a nonpartisan, non-profit section 501(c)(3) organization dedicated to advancing democracy through law at the federal, state, and local levels. Campaign Legal Center works extensively on issues related to elections, voting rights, and the rule of law to ensure every American's right to responsive government and a fair opportunity to participate in and affect the democratic process. To protect and improve the democratic system, Campaign Legal Center uses tactics such as litigation, policy advocacy, and other public education tools. The organization is incorporated under the laws of the District of Columbia.

19. Defendant DOJ is an agency of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of records that Campaign Legal Center seeks.

## STATEMENT OF FACTS

20. On June 1, 2026, Campaign Legal Center submitted a FOIA request to DOJ's Office of Legal Counsel (OLC) and Office of Information Policy (OIP) seeking the following records from May 1, 2026, through the date the search is conducted:

1. Records reflecting all materials consulted or relied upon by the Attorney General or his designee in selecting the Members of the Anti-Weaponization Fund.

2. Records reflecting all applications for membership on the Anti-Weaponization Fund.

3. Records sufficient to identify the Members of the Anti-Weaponization Fund.

4. The Anti-Weaponization Fund's charter.

5. The Anti-Weaponization Fund's membership balance plan.

6. Records reflecting all criteria the Anti-Weaponization Fund will consider and all procedures the Anti-Weaponization Fund will use to: (1) receive and process claims from claimants to the Fund; (2) determine whether to grant awards to claimants to the Fund; and (3) determine the amount of any such awards.

7. Records reflecting claims submitted to the Anti-Weaponization Fund and the processing or review of those claims.

8. Records reflecting reimbursement for per diem, travel, food, lodging, or other expenses, or other compensation paid, to Members of the Anti-Weaponization Fund.

9. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments), sent or received by any of the Department of Justice officials listed below, <u>and</u> containing any of the following key terms:

   <u>Department of Justice Officials:</u>
   i. Todd Blanche, Acting Attorney General
   ii. Anyone serving in the role of Chief of Staff
   iii. Trent McCotter, Principal Associate Deputy Attorney General
   iv. Stanley E. Woodward, Jr., Associate Attorney General
   v. Anyone serving as Counsel to the Associate Attorney General
   vi. Edward R. Martin, Jr., Pardon Attorney
   vii. Brett Shumate, Assistant Attorney General
   viii. Aakash Singh, Associate Deputy Attorney General
   ix. T. Elliot Gaiser, Assistant Attorney General
   x. Anyone serving as a Member of the Anti-Weaponization Fund

<u>Key Terms:</u>

a. Anti-weaponization
b. Weaponiz!
c. Lawfare
d. Settl!
e. "Trump v. IRS"
f. "Trump v. Internal Revenue"
g. "judgment fund"
h. Keepseagle
i. Garcia
j. Vilsack
k. "designated account"
l. "Trump Organization"
m. "Trump Org"
n. Trump.com
o. Trumporg.com
p. Trumphotels.com
q. Trumpgolf.com

For Part 9 of this request, please note that Campaign Legal Center does not seek, and that this request specifically excludes, the initial mailing of news clips or other mass-distribution emails. However, subsequent communications forwarding such emails <u>are</u> responsive to this request. For example, if a listed official received a mass-distribution news clip email containing the term "weaponization," that initial email would not be responsive. However, if that official forwarded the email to another individual, that subsequent message would be responsive and should be produced.

CLC is using "!" to denote a wildcard. For example, the term "weaponiz!" would return results including the terms "weaponize," "weaponizing," "weaponization," etc. If your system does not include this capability, please let us know, and we will provide a complete list of terms we are interested in.

10. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) and text messages (including complete text message threads or conversations) or messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter), Facebook messages, Mattermost, Wickr, WhatsApp, Telegram, or Parler) <u>between</u> (a) between any of the agency officials listed above in Part 9, and (b) the White House Office.

Ex. 1.

21. The FOIA request included a request for expedited processing. Ex. 1.

22. The requested records are urgently needed "to inform the public about an actual alleged Federal Government activity." 28 C.F.R. § 16.5(e)(1)(ii).

23. The requested records also concern "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv).

24. Campaign Legal Center certified the requested records are urgently needed to inform the public concerning actual or alleged government activity. Ex. 1.

25. Campaign Legal Center further certified that the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence. *Id.*

26. Campaign Legal Center certified it is primarily engaged in disseminating information. *Id.*

27. Campaign Legal Center's expedited processing request explained how it met the statutory and regulatory standards for expedited processing. *See id.*

28. Campaign Legal Center's expedited processing request included a non-exhaustive list of citations to media reports that support its certifications. *See id.*

29. On June 5, 2026, OLC acknowledged the request and assigned it tracking number FY26-187. Ex. 2.

30. In that same letter, OLC denied Campaign Legal Center's request for expedited processing because, "in the judgment of the Deputy Director of OPA, the topic of your request is neither a 'matter of widespread and exceptional media interest,' nor '[a] matter . . . in which there exist possible questions about the government's integrity that affect public confidence.'" *Id.* at 1.

31. On June 10, 2026, OIP acknowledged the request and assigned it tracking number FOIA-2026-03412.[12] Ex. 3.

32. In its letter, OIP denied Campaign Legal Center's request for expedited processing because "[t]his Office cannot identify a particular urgency to inform the public about an actual or alleged federal government activity." *Id.* at 2.

33. Campaign Legal Center administratively appealed the denials of expedited processing on June 16, 2026. Ex. 4.

34. On July 24, 2026, DOJ denied those appeals. Ex. 5.[13]

35. As of the date of this Complaint, Plaintiff has received no further communications from Defendant regarding this FOIA request.

**Exhaustion of Administrative Remedies**

36. As of the date of this Complaint, Defendant has failed to: (a) notify Campaign Legal Center of a final determination regarding its FOIA request, including the scope of responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

37. As of the date of this Complaint, Defendant has denied Campaign Legal Center's proper request for expedited processing of its FOIA request and denied Campaign Legal Center's administrative appeal of that decision.

---

[12] Campaign Legal Center sent a separate, related letter to DOJ on June 1, 2026, pursuant to the Federal Advisory Committee Act. OIP treated that letter as a FOIA request, assigned it tracking number FOIA-2026-03417, and administratively combined it with the request assigned tracking number FOIA-2026-03412. For the purposes of this Complaint, Campaign Legal Center is interested only in its original, uncombined request, as reflected in paragraph 20 and Exhibit 1.

[13] DOJ issued two denials, as to both OIP and OLC, but the denials are identical except for the appeal tracking number, so only one is attached here as an exhibit.

38. Campaign Legal Center was not required to exhaust its administrative remedies with respect to its request for expedited processing.

39. Through Defendant's failure to respond to Plaintiff's FOIA request within the time period required by law, Plaintiff has constructively exhausted its administrative remedies and now seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

40. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

41. Plaintiff properly requested records within Defendant's possession, custody, and control.

42. Defendant is an agency subject to and within the meaning of FOIA. It must therefore make reasonable efforts to search for requested records.

43. Defendant has failed to promptly and adequately search for agency records that are responsive to Plaintiff's FOIA request.

44. Defendant's failure to conduct an adequate search for responsive records violates FOIA.

45. Plaintiff Campaign Legal Center is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to its FOIA request.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

46. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

47. Plaintiff properly requested records within Defendant's possession, custody, and control.

48. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA request.

49. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiff's FOIA request.

50. Defendant's failure to provide all non-exempt responsive records violates FOIA.

51. Plaintiff Campaign Legal Center is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing**

52. Campaign Legal Center repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

53. Campaign Legal Center properly requested records within the possession, custody, and control of Defendant on an expedited basis.

54. Defendant denied the request for expedited processing.

55. Defendant is an agency subject to FOIA and must process the requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

56. The records Campaign Legal Center requested are urgently needed to inform the public about government activities of extraordinary public importance.

57. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.

58. Therefore, Campaign Legal Center's request justifies expedited processing under FOIA and DOJ's regulations.

59. Campaign Legal Center is entitled to declaratory and injunctive relief requiring Defendant to grant expedited processing of the FOIA request at issue.

**REQUESTED RELIEF**

WHEREFORE, Campaign Legal Center respectfully requests the Court to:

(1) Order Defendant to grant Campaign Legal Center's request for expedited processing and to process Campaign Legal Center's request on an expedited basis, by providing Plaintiff with a determination and non-exempt portions of the requested records as soon as practicable;

(2) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to its FOIA request;

(3) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA request with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(5) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: August 21, 2026

Respectfully submitted,

*/s/ David Kronig*

David Kronig (D.C. Bar No. 1030649)
Robyn K. Bitner (D.C. Bar No. 1617036)
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
(202) 736-2200
dkronig@campaignlegalcenter.org
rbitner@campaignlegalcenter.org

*Counsel for Plaintiff*