UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN LEGAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 26-2948 (RDM) |

**JOINT STATUS REPORT**

Pursuant to the Court's October 1, 2026 Minute Order, Plaintiff Campaign Legal Center, and Defendant the United States Department of Justice ("DOJ" or "the Department"), respectfully submit this joint status report for this Freedom of Information Act ("FOIA") civil action:

1. This case concerns two FOIA requests, dated June 1 and August 14, 2026, submitted to the Department's Office of Information Policy ("OIP") and Office of Legal Counsel ("OLC"). Plaintiff initiated this case on August 21, 2026, and filed an Amended Complaint on September 16, 2026, *see* ECF No. 10. DOJ answered the Amended Complaint on September 30, 2026, *see* ECF No. 12.

**Defendant's statement:**

2. DOJ respectfully reports as follows: OIP issued its final response to Plaintiff's August 14, 2026 FOIA request on October 29, 2026. That response conveyed to Plaintiff that certain portions of the request were wholly duplicative of Plaintiff's June 1, 2026 request, FOIA-2026-03412, and thus would be administratively closed and addressed as part of OIP's processing of that request; and that the remaining portions did not reasonably describe the subject of the request in a manner that would allow agency personnel to locate the requested records with a

reasonable amount of effort. On November 2, the Department shared a five-page statement on interpretation of Plaintiff's requests. That statement reflects the Department's assessment that Plaintiff's FOIA requests contain substantial overlap, including duplicative portions of the requests, and required significant clarification before the Department could initiate its initial records search. Having developed and conveyed this statement on interpretation of Plaintiff's requests, OIP is now able to initiate its initial records search, and anticipates this search will be underway on or before Friday, November 6, 2026.

3. Plaintiff's request for relief in this Joint Status Report, *see infra* ¶ 11, is improper because "[a] request for a court order must be made by motion," Fed. R. Civ. P. 7(b)(1), which affords the non-moving party notice and a meaningful opportunity to gather facts and legal authorities in opposition to the request, *see* L. Civ. R. 7(b), 65.1(c). In addition, as another court in this District observed not long ago, a FOIA plaintiff's request for relief of this nature, "compelling immediate action by the defendants," is a request for "a form of injunctive relief under Federal Rule of Civil Procedure 65." *Greenspan v. Exec. Off. for U.S. Att'ys*, Civ. A. No. 23-1816 (BAH),2023 WL 12137661, at *2 (D.D.C. Nov. 21, 2023). Yet Plaintiff here makes no effort to comply with the relevant requirements or make the required showing. *See Winter v. NRDC*, 555 U.S. 7, 20 (2008).

4. Furthermore, Plaintiff's request that the Court order the Department to process records by a date certain and at a specified rate amounts to a request for expedited processing; but, notably, Plaintiff made no such request for its August 14, 2026 FOIA request, and Plaintiff's request for expedited processing of its June 1, 2026 FOIA requests was denied. Even here, Plaintiff does not purport to have a "compelling need" for the requested records to justify processing ahead of other FOIA requesters. Accordingly, Defendant respectfully submits that Plaintiff's effort to

"jump the queue in front of other requesters who have been waiting patiently for the agency's response to their requests, including requests that are subject to expedited processing" should be rejected. *Zorn v. DOJ*, Civ. A. No. 24-3360 (CRC), 2025 WL 35929, at *3 (D.D.C. Jan. 6, 2025) (quoting *Am. Oversight v. Dep't of State*, 414 F. Supp. 3d 182, 184-85 (D.D.C. 2019)); *see also Cheng v. Blinken*, Civ. A. No. 23-2602 (JDB), 2024 WL 4345831, at *9 (D.D.C. Sept. 30, 2024), finding "judges routinely conclude that a judicial order putting one party 'at the head of the queue simply moves all others back one space and produces no net gain'" (quoting *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 343 (D.C. Cir. 2023). Plaintiff's requests should be denied for these reasons.

5. In response to Plaintiff's assertion that its FOIA request, FOIA-2026-03417 is not at issue in this litigation, as explained in Defendant's Answer, ECF No. 12, ¶ 31, the Department assigned tracking number FOIA-2026-03417 to Plaintiff's separate June 1, 2026 letter to OIP, and consolidated FOIA-2026-03417 into FOIA-2026-03412 as a matter of administrative efficiency.

6. Finally, as to Plaintiff's request that the Court order the parties to file joint status reports every 30 days, Defendant's position is that the parties should defer setting a cadence for future joint status reports until the next joint status report, which the parties agree in their request to file on or before December 2, 2026. To the extent the Court would like to set a cadence sooner, the Department believes that the Court can be adequately apprised of Defendant's processing of Plaintiff's FOIA requests on a 60-day cadence, as the Department is taking action to process Plaintiff's FOIA requests and engaging with Plaintiff throughout. A shorter cadence will not allow the parties sufficient time to discuss and narrow issues before reporting them to the Court.

**Plaintiff's statement:**

7. Despite the Court granting Defendant three additional weeks to submit this Joint Status Report, Minute Order (Oct. 19, 2026), which Defendant represented to the Court would "allow the parties to have a fulsome, substantive discussion," Dkt. 13 ¶ 4, Defendant has provided no substantive updates as to any of the three items the Court ordered the Parties to address, namely, "(1) any documents still to be produced pursuant to FOIA; (2) an anticipated schedule for processing and producing such documents; and (3) any substantive areas of disagreement between the parties." Minute Order (Oct. 1, 2026).

8. Until today, November 2—the date this JSR was due—the only substantive update Plaintiff had received was OIP's purported "final response" to Plaintiff's August 14 FOIA request, which deemed several parts of the request "not reasonably described," although those requests contain specific custodians, recipients, date ranges, and (with respect to Part 1) search terms. As this Court knows, "[a] 'description' of a requested document would be sufficient if it enabled a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990). On their face, the requests are "reasonably described." To the extent that the request as written would yield a voluminous set of records and might be unduly burdensome, Plaintiff has expressed that it is willing to narrow the requests, but Defendant has not yet provided any information that would allow Plaintiff to assess that claim. Plaintiff has asked, through counsel to Defendant, that OIP retract its final response and provide additional information that would enable productive negotiations over the scope of the requests.

9. Until today, Plaintiff had still not received a substantive response for its June 1 FOIA request.

10. Earlier today, Defendant sent what purports to be DOJ's "Statement on Interpretation of Plaintiff's FOIA Requests." As an initial matter, the Statement discusses a request with agency tracking number FOIA-2026-03417, which is not at issue in this litigation. Furthermore, the Statement largely reiterates information already conveyed in OIP's August 14 and October 29 letters, including confirming that OIP has administratively closed parts of the two FOIA requests that *are* at issue on the wrongful grounds that they are "not reasonably described." The Statement also deems additional parts of Plaintiff's June 1 request "not reasonably described" on the same spurious grounds.

11. Given Defendant's continued delays and lack of substantive updates, Plaintiff thus requests that this Court order Defendant to: (1) reopen all parts of Plaintiff's two FOIA requests that were administratively closed on the grounds that they are "not reasonably described" and provide Plaintiff with hit reports or other information sufficient to engage in productive good faith negotiations over the scope of those parts of the requests; (2) conduct a search for all responsive records; (3) process records responsive to Plaintiff's FOIA requests at a rate of no less than 500 pages per month; and (4) make its first rolling production of records responsive to Plaintiff's FOIA requests no later than December 15, 2026, and subsequent productions every 30 days thereafter.

12. Finally, Defendant has rejected Plaintiff's proposal that the Parties follow a regular schedule of updating the Court on this matter via joint status reports every 30 days. Plaintiff requests that this Court order the Parties to file joint status reports every 30 days following the (proposed) December 2, 2026 joint status report.

**Joint statement:**

13. The parties will work together throughout this litigation to attempt to reduce the issues for the Court.

14. The parties respectfully request that the Court order the parties to file another joint status report on or before December 2, 2026. The parties have provided a proposed order to that effect.

15. Plaintiff's counsel David Kronig is unable to appear for an in-person conference due to a disability. The Parties therefore respectfully request that, should the Court maintain the conference in this matter scheduled for 10 a.m. on November 9, 2026, it be held remotely by videoconference or teleconference to permit Mr. Kronig's participation. If this is not possible, Plaintiff's counsel Robyn Bitner is fully prepared to represent Plaintiff at an in-person conference.

Dated: November 2, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *William Thanhauser*
WILLIAM THANHAUSER
D.C. Bar #1737034
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530
(202) 252-7706

*Attorneys for the United States of America*

By: /s/ David Kronig
David Kronig (D.C. Bar No. 1030649)
Robyn K. Bitner (D.C. Bar No. 1617036)
CAMPAIGN LEGAL CENTER
1333 New Hampshire Ave. NW, Ste. 300
Washington, DC 20036
(202) 736-2200
dkronig@campaignlegalcenter.org
rbitner@campaignlegalcenter.org

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN LEGAL CENTER,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF JUSTICE,<br>Defendant. | Civil Action No. 26-2948 (RDM) |

**[PROPOSED] ORDER**

Upon consideration of the joint status report and the entire record, the parties are ORDERED to file another joint status report on or before December 2, 2026.

SO ORDERED:

____________________
Dated

____________________
RANDOLPH D. MOSS
United States District Judge